Howekd, J.
On the rehearing of this cause, the plaintiff and appellee contends that the action of the Court, in requiring authentic evidence of the interruption of prescription to sustain the executory process, is supplying the plea of prescription, and, consequently, a direct violation of Art. 3426 C. C.
He insists that a compliance with the provisions of Arts. 732, 733, 734 and 735, C. P., is all that the Judge can require of Mm, and that if the debt be prescribed the debtor is protected by Arts. 739, No. 8, and 740 C. P., which enables him to arrest the sale upon his oath and without surety; that the only question for the Judge is, whether sufficient evidence is presented to authorize the writ, and that the evidence adduced by him (an authentic 'act importing a confession of judgment, with the note duly parap lied) was and is sufficient, unless some faot has made it insuffi. cient, which fact the Court cannot of its own motion suggest; that the Court must disregard and consider not written any endorsement of a credit or extension on the note which may be shown to be an interruption of prescription, a matter en pays, and in defence only. He also urges that an examination of the authorities will show that the jurisprudence on this point is not too firmly established to be questioned.
The question arises, is the requiring- of authentic evidence of the inter, ruption of proscription, before granting the order, supplying the plea of prescription ? If so, it is prohibited, and the Judge is not warranted ip refusing the writ, for the want of such evidence.
If there were nothing on the note (apparently prescribed), showing an interruption of its prescription, could the Judge refuse the order of seizure? Would not such action be supplying the plea of prescription, and calling upon the plaintiff, on behalf of the defendant, to defeat it ? We are constrained to answer the first query in the negative, and the second in the affirmative. “Prescription is a means of extinguishing a debt, but it is only when specially pleaded it can have that effect. Courts are not allowed to consider it an extinction of a claim, no matter what the evL *267 dence may be, unless the plea is expressly put in.” 3 L. 204. O. C. 3426, 3427. . '
It is true that in an application, ex parte, for the writ of seizure and sale, the debtor has no opportunity of putting in the plea; but he is protected by Art. 739, O. P., and if his debt is extinguished, or extinguishable, he can easily establish the fact. The law says to the Judge, where a creditor presents an act of mortgage in authentic form, in which the debtor acknowledges the debt for which he gives the mortgage, accompanied by the note properly identified, the creditor is entitled to the executory process; and it says further, that the Judge shall not supply the plea of prescription; shall not presume the debt extinguished ; there is authentic evidence of the debt and mortgage, which is complete, until the debtor chooses to invoke the provision of law which annuls or paralizes the whole evidence. It is not the incompleteness or insufficiency of the evidence that relieves the debtor on the question of prescription, but that it causes to be evidence against him—an effect which the Court cannot permit, until petitioned to do so.
The argument that the remedy and not the right is denied, might have force, were it not for the express prohibition in Art. 3426 of the Civil Code, in connection with the articles of the Code of Practice, regulating the executory process.
We cannot perceive that any endorsements of extension or partial payments on the notes can make any difference in the character of the evidence requisite for the process. The act of mortgage remains authentic; the identity of the note continues, and taken together they constitute full proof of the debt, until prescription is specially pleaded, where ¡ho creditor must establish ciliuncle the writ of the endorsements. If the plea is not made, it is unnecessary to prove them, and they may be considered surplusage, or rather, not considered at all. The- fact of interruption is important only where prescription is pleaded, and as the Court cannot raise the plea, no evidence of interruption can be required by the Court, until the plea is made by a party authorized to make it.
The first case in which this point was raised, is that of The Union Bank v. Dosson et al., 7 A. 550, which was an appeal from the refusal of the Judge to grant a writ of seizure and sale, the refusal being based, on the want of reinscription of the mortgage within ten years. Prescription, however, was specially pleaded in the Supreme Court, and the action of the Judge a quo was sustained, because there was no authentic evidence of the interruption. We think the doctrine was there too broadly stated, and not necessary in such terms; that is, “as the obligation is prima facie prescribed, there must be authentic evidence of the interruption of the prescription, before the party can proceed by the via execuliva. ” In this case prescription has not been pleaded. The objection is raised only in the brief.
The only other case cited, or which we can find, is that of Fowler v. Beatty, 10 A. 275, in which the point does not appear to have been raised, and the reference to the doctrine may well be considered obiter dictum. In neither case is allusion made to Art. 3426, C. C., and we must think that for a court to consider an obligation prima facie prescribed, is to supply *268 the plea of prescription. Non cornial, that the debtor would make the plea.
The interruption is no part of plaintiff’s evidence, and need not be noticed, because prescription cannot be presumed.
In this view we do not abate the principle that, in proceedings via eaeculiva, being of great severity, the creditor must bring himself strictly within the letter of the law.
We conclude that the Court cannot require authentic evidence of the interruption of prescription, before granting an order of seizure and Sale, because the law prohibits it; and, at the same time, provides the debtor with ample protection against a prescribed debt. Any other conclusion would, in our opinion, render the eighth clause of the 739th Article of the Code of Practice, and the 3426 Article of the Civil Code, nugatory.,
As to the want of the internal revenue stamp, we must presume that the Judge acted according to law, and we take this opportunity to state that, in the case of McLearn v. Skelton, 18 A. 514, cited by appellant, the note was by consent of both parties brought into this Court, to prove the Want of the stamp; a fact which we omitted to state in our opinion in that case.
It is therefore ordered, that the judgment heretofore rendered by, jis be set aside, and it is now decreed that the judgment of the lower Court be affirmed, with costs.